UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | | |
|---|---|---|
| JULIA CAROL TRAMMELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. |
| | ) | 2:12-cv-38-JMH |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | **MEMORANDUM OPINION & ORDER** |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1996) ("EAJA"). [D.E. 16]. Defendant has responded [D.E. 19], and the time has passed for Plaintiff's reply. This matter is now ripe for decision.

Plaintiff filed an application seeking $350 in costs and $5,322.80 in attorney's fees for 29.2 hours of work at the rate of $182.63 per hour. [D.E. 17-2]. Defendant does not contest the actual award of fees nor the amount of attorney hours allegedly expended. Rather, Defendant's only argument is that the hourly rate is excessive, and accordingly, Defendant requests that this court reduce the award to the statutory rate of $125.00 per hour. 28 U.S.C. § 2412(d)(2)(A). The court agrees.

Under 28 U.S.C. § 2412(d)(2)(A), attorney's fees

> shall be based on prevailing market rates for the
> kind and quality of services furnished, except that .
> . . attorney fees shall not be awarded in excess of
> $125.00 per hour unless the court determines that an
> increase in the cost of living or a special factor,
> such as the limited availability of qualified
> attorneys for the proceedings involved, justifies a
> higher fee.

§ 2412(d)(2)(A). Plaintiffs are free to request an increase in the statutory rate; however, the plaintiff will "bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984) ([t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant")). Plaintiffs will only meet this burden if they can "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rate" is the prevailing market rate, or, in other words, is "in line with [the rate] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

Further, in *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000), the Sixth Circuit explained that

2

> [W]hen a counselor has voluntarily agreed to
> represent a plaintiff in an out-of-town lawsuit,
> thereby necessitating litigation by that lawyer
> primarily in the alien locale of the court in which
> the case is pending, the court should deem the
> "relevant community" for fee purposes to constitute
> the legal community within that court's territorial
> jurisdiction; thus the "prevailing market rate" is
> that rate which lawyers of comparable skill and
> experience can reasonably expect to command within
> the venue of the court of record, rather than foreign
> counsel's typical charge for work performed within a
> geographical area wherein he maintains his office
> and/or normally practices, at least where the
> lawyer's reasonable "home" rate exceeds the
> reasonable "local" charge.

*Id.* at 350 (citing *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997)).

In this case, Plaintiff's attorneys ask for fees at a rate of $182.63 per hour. To prove that this is the prevailing market rate, Plaintiff's attorneys attached an affidavit outlining cost of living increases in New York, New York, which is where the attorney who did the majority of the work in this case is located. (D.E. 17-4; D.E. 17-2). However, pursuant to *Adcock-Ladd*, New York is not the relevant legal community for fee purposes; rather, the relevant community is the Eastern District of Kentucky. *Id.* (the "relevant community" for fee purposes [is the] community within [the] court's territorial jurisdiction."). Thus, Plaintiff's focus on the increased cost of living in

3

New York and nationwide increases in costs to their national law firm is misplaced.

Although Plaintiff does mention in passing that, according to the Consumer Price Index, the cost of living in the south urban region has increased since the effective date of the EAJA in March 1996, simply arguing that the cost of living has increased without accompanying support is insufficient to meet one's burden. *Bryant*, 578 F.3d at 450 (After the plaintiff argued that the rate of inflation supported an increase of fees, the Sixth Circuit held that this "is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests.").

Notably, the overwhelming majority of district courts have continued to affirm that $125.00 is still the appropriate prevailing market rate in the Eastern District of Kentucky. *See Kalar v. Astrue*, No. 10-428-JBC, 2012 WL 2873815, at *1-2 (E.D. Ky. July 13, 2012) (awarding fees at a rate of $125.00 per hour); *Page v. Astrue*, No. 09-210-GWU, 2011 WL 2560265, at *2 (E.D. Ky. June 28, 2011) (holding that the rate of $125.00 is appropriate in this district); *Cole v. Astrue*, No. 09-185-KSF, 2010 WL 715832, at *2 (E.D. Ky. Feb. 24, 2010) (holding that $125.00 per hour "is consistent with the prevailing market rate" in

this community).    Therefore, Plaintiff is limited to recovering the statutory fee of $125.00 per hour.

Defendant also requests that these fees be made payable directly to Plaintiff and not her attorneys. (D.E. 19 at 6).    The undersigned will continue to hold in accordance with his previous ruling in *Cox v. Astrue*, No. 3:11-cv-83-JMH, _ F. Supp. 2d _, 2013 WL 217033, at *2-3 (E.D. Ky. Jan. 16, 2013), in which this court held that *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), and *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), both stand for the proposition that EAJA attorney's fees should be paid to directly to litigants.    Plaintiff is therefore awarded attorney's fees pursuant to the EAJA in the amount of $4,000, but the fees are payable to Trammell, not her attorneys.    Further, the attorney's fees are subject to a government offset to satisfy any pre-existing debt that Trammell may owe to the United States, should one exist.

Accordingly, **IT IS ORDERED**:

1) that Plaintiff's Motion for Payment of Fees under the EAJA [D.E. 16] is **GRANTED IN PART** to the extent that Plaintiff is awarded EAJA fees at the rate of $125.00 per hour for 29.20 hours of work.    Thus, Plaintiff is entitled to fees in the amount of **$3650** plus costs in the amount of **$350** for a total of **$4,000**.

2) that Plaintiff's Motion for Payment of Fees under the EAJA [D.E. 16] is **DENIED IN PART** to the extent that Plaintiff's attorneys requested the attorney's fees be paid directly to them instead of Plaintiff. The attorney's fees are properly awarded to Plaintiff Trammell.

This the 30th day of April, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge