UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| JULIA CAROL TRAMMELL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social )<br>Security )<br>)<br>Defendant )<br>) | Case No. 2:12-cv-38-JMH<br><br>**MEMORANDUM OPINION & ORDER** |

\*\*\*

This matter is before the Court Upon Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)(1). [DE 21]. The Commissioner has filed a Response, [DE 22], in which it states that it has no objection to the Motion or to the amount requested. The Court has reviewed the motion and the materials offered in support of the request for relief and concludes that an award of fees is warranted.

The Court may award "a reasonable fee [for work before the Court] . . . not in excess of 25 percent of the total of the past-due benefits."  42 U.S.C. § 406(b)(1); *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). Plaintiff's attorneys, Anthony E. Hoyle and David S. Jones, request $7,300.00 in attorney fees for 29.20 total hours spent before the district court. [Exhibit C, DE 21-3]. The amount is

1

consistent with the contingent fee agreement between Plaintiff and his attorneys [Exhibit A, DE 21-3] and would result in payment of a fee not in excess of 25 percent of the total of the past-due benefits, which have been calculated to be $48,699.00. The Court has considered the matter and, noting the absence of any objection, concludes that this request is reasonable and in keeping with the relevant law.[1]

Accordingly, **IT IS ORDERED** that the Motion for Attorney Fees [DE 21] is **GRANTED.** Judgment shall be entered by separate order.

This the 27th day of July, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[1] In light of the rule articulated in *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989) (["A]ttorneys are prohibited from collecting both EAJA fees and § 406(b) fees in the same case . . . ."), the Court notes that Plaintiff's attorneys have not received EAJA fees, as the entirety of the EAJA award was offset by Plaintiff's pre-existing federal debt. [DE 20; Exhibit B, DE 21-3].